LAZARUS WILMERSDOERFFER, Respondent, v. THE LAKE MAHOPAC IMPROVEMENT COMPANY, Appellant.

*An action to dissolve a corporation must be brought by the attorney general — sect. 2, chap. 151 of 1870.*

Since the passage of section 2 of chapter 151 of 1870, an action to dissolve a corporation for a failure to pay its notes or other evidences of debt, or for suspending its ordinary and lawful business for one year, can only be brought by the attorney general.

APPEAL from a judgment dissolving the defendant corporation, entered upon an order overruling a demurrer to the complaint.

The action was brought by a stockholder, in behalf of himself and all others similarly situated, against the defendant to have it dissolved under section 38 of 2 Revised Statutes, page 463.

The complaint alleged the sale of the corporation's property, the recovery of judgments against it to a large amount, which still remained unsatisfied, and the suspension of its ordinary business for more than three years.

*John D. Taylor*, for the appellant.

*John L. Hill* and *John Frankenheimer*, for the respondent.

DYKMAN, J. :

It is provided by our statute that whenever any incorporated company shall have remained insolvent for one whole year, or for one year shall have neglected or refused to pay and discharge its notes or other evidences of debt, or for one year shall have suspended the ordinary and lawful business of such corporation, it shall be deemed to have surrendered the rights, privileges and franchises granted by any act of incorporation, or acquired under the laws of this State, and shall be adjudged to be dissolved. (2 R. S., 463, § 38.) This statute goes further than the common law has gone before it, and makes certain circumstances, heretofore having no such effect, equivalent to a surrender. An action therefore instituted under this provision is not presented for the surrender of the franchise of the corporation, but to have its dissolution judicially declared. The existence of the circumstances enumerated in the statute are the death of the corporate body, and the object of the action is to have such death judicially declared and recorded. The complaint in this action contains all the allegations necessary to bring the Lake Mahopac Improvement Company within the condemnation of the statute, and is sufficient, so far as it lies in statement of matter and circumstance, but the demurrer raises the question of the capacity of a stockholder to maintain the action. Previous to the year 1870 the courts of this State had been divided on this question, and there is no necessity now of

harmonizing the conflicting decisions and dicta on the question, because, in that year, the Legislature of our State passed a law to regulate proceedings against corporations by injunction and otherwise, in which it is provided, among other things, that all actions and proceedings against a corporation when the relief sought or which can be granted therein, shall be the dissolution of such corporation, or the removal or suspension of any officer or director thereof, shall be brought by the attorney general in the name of the People of the State. (Laws of 1870, chap. 151, § 2.)

Whatever doubt existed before this statute, is now removed, and such an action, as the present, must be brought by the attorney general in pursuance of its provision, and cannot be instituted or maintained by a stockholder.

The judgment must be reversed, with costs.

Present — BARNARD, P. J., and DYKMAN, J.; GILBERT, J., not sitting.

Judgment reversed, and new trial granted, costs to abide event.